**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IRENEO P. PARRILLA,
                    *Petitioner,*

            v.

ALBERTO R. GONZALES*, Attorney
General,
                    *Respondent.*

No. 03-74010

Agency No.
A73-159-170

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
March 11, 2005—Seattle, Washington

Filed July 11, 2005

Before: Ferdinand F. Fernandez, A. Wallace Tashima, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Gould;
Partial Concurrence and Partial Dissent by Judge Fernandez

---

   *Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

8019

**COUNSEL**

Antonio Salazar, Salazar Law Office, Seattle, Washington, for the petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, U.S. Department of Justice, M. Jocelyn Lopez Wright, Assistant Director, Office of Immigration Litigation, Bryan S. Beier, Trial Attorney, Washington, D.C., for the respondent.

**OPINION**

GOULD, Circuit Judge:

Ireneo Parrilla petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his application for cancellation of removal. The BIA determined that Parrilla was ineligible for cancellation pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) because his conviction for communicating with a minor for immoral purposes under Washington Revised Code section 9.68A.090 was an aggravated felony that met the definition of "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). Although we hold that section 9.68A.090 did not categorically proscribe "sexual abuse of a minor," the government provided an information, a guilty plea and a Certification for Determination of Probable Cause that allow us to conclude, under the modified categorical approach, that Parrilla committed an offense rendering him ineligible for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), *Fernandez-Ruiz v. Gonzales*, 410 F.3d 585 (9th Cir. 2005), and we deny the petition for review.

**I**

Ireneo Parrilla, a citizen of the Philippines, entered the United States on an H-1A non-immigrant healthcare worker visa in 1994. He adjusted his status to that of a lawful permanent resident in 1995.

On January 17, 2001, Parrilla was arrested and charged with Child Molestation in the First Degree in violation of Washington Revised Code section 9A.44.083. The information filed with respect to this charge incorporated a Certification for Determination of Probable Cause (hereinafter CDPC). The CDPC described the December 25, 2000 molestation of a seven-year-old girl and stated that Parrilla "repeatedly reached inside [the victim's] dress and touched her between her legs where she goes to the bathroom on top of her under-

wear." It also specified that the victim's mother had witnessed part of the molestation, that Parrilla had been intoxicated at the time of the assault, and that Parrilla had apologized for his conduct.

The record indicates that Parrilla and the prosecution reached a plea agreement. The prosecution withdrew the original information and instead filed a First Amended Information that stated:

> I, Norm Maleng, Prosecuting Attorney for King County in the name and by the authority of the state of Washington, by this Amended Information do accuse the defendant(s) of the crime of communication with a minor for immoral purposes.

> That the defendant, Ireneo Parilla [sic], in King County, Washington, (on or about) the 25th day of December, 2000, did communicate with [the victim], a child under the age of 18 years, for immoral purpose of a sexual nature, [c]ontrary to RCW 9.68A.090, and against the peace and dignity of the state of Washington.

Parrilla then pled guilty. His written guilty plea stated in part, "I understand the Court will review the certification for determination of probable cause in determining if there is a factual basis for this plea and for sentencing." Based on his guilty plea, Parrilla was convicted of communicating with a minor for immoral purposes in violation of Washington Revised Code section 9.68A.090 on April 12, 2002.

The Department of Homeland Security then initiated deportation proceedings. The Immigration Judge found that section 9.68A.090 did not categorically prohibit "sexual abuse of a minor," but that the First Amended Information, the CDPC, and the guilty plea together established that Parrilla was guilty of an aggravated felony involving "sexual abuse of a minor"

under the modified categorical approach. The BIA affirmed in a reasoned decision, holding that:

> An offense may qualify as "sexual abuse of a minor" under section [1101(a)(43)(A)] of the Act if it involves "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children."

The BIA reasoned that the conviction under section 9.68A.090 rendered Parrilla ineligible for cancellation of removal under both the categorical and the modified categorical approaches. Parrilla petitions for review of this decision.

## II

In general, an alien is barred from cancellation of removal if he or she has been convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). One type of aggravated felony is "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A).

We review de novo whether an alien has been convicted of an aggravated felony, *Ruiz-Morales v. Ashcroft*, 361 F.3d 1219, 1221 (9th Cir. 2004), but our review is subject to established principles of deference to administrative agencies, *INS v. Aguirre-Aguirre*, 526 U.S. 415, 424 (1999); *Murillo-Espinoza v. INS*, 261 F.3d 771, 773 (9th Cir. 2001). When interpreting a provision of the Immigration and Nationality Act (INA), we must defer to the BIA if the statute is silent or ambiguous with respect to the specific issue before the agency and the BIA's interpretation is " 'based on a permissible construction of the statute.' " *Aguirre-Aguirre*, 526 U.S. at 424 (quoting *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984)). We do not, however, defer to BIA interpretations of either state law, *Garcia-Lopez v.*

*Ashcroft*, 334 F.3d 840, 843 (9th Cir. 2003), or provisions of the federal criminal code that are referenced within, but not part of, the INA, *Singh v. Ashcroft*, 386 F.3d 1228, 1230-31 (9th Cir. 2004).

**[1]** In this case, 8 U.S.C. § 1101(a)(43)(A) does not define the term "sexual abuse of a minor" by reference to state law or to another portion of the U.S. Code; in fact, § 1101(a)(43)(A) does not define "sexual abuse of a minor" at all. Because the INA is silent on the meaning of "sexual abuse of a minor," we ask whether the definition provided by the BIA " 'is based on a permissible construction of the statute.' " *Aguirre-Aguirre*, 526 U.S. at 424 (quoting *Chevron*, 467 U.S. at 843). The BIA opinion interpreted "sexual abuse of a minor" to mean any offense that "involves 'the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children.' " Because this language is not clearly contrary to the plain meaning of the statute, we defer to the BIA's interpretation. *See id.*

**[2]** The definition the BIA employed in this case accords with our case law. In *United States v. Pallares-Galan* we held that a conviction for annoying or molesting a child under the age of eighteen was not "sexual abuse of a minor," even though the state courts had interpreted the statute to require that the perpetrator be motivated by an abnormal sexual interest in children. 359 F.3d 1088, 1100-02 (9th Cir. 2004). In reaching our conclusion that the fact of conviction did not show "sexual abuse of a minor," we stated, " '[a]buse' requires more than improper motivation; it requires conduct that is abusive." *Id.* at 1101-02. Consistent with this principle, we have held that "sexual abuse of a minor" encompasses both lewdness with a child under the age of fourteen, *Cedano-Viera*, 324 F.3d at 1065-66, and a lewd or lascivious act including any part of the body of a child under the age of

fourteen, *United States v. Baron-Medina*, 187 F.3d 1144, 1146-47 (9th Cir. 1999).

In inquiring into whether an offense is an aggravated felony, of which "sexual abuse of a minor" is one statutorily designated type, we first consider the categorical approach. *See Taylor v. United States*, 495 U.S. 575, 600-02 (1990). Under the categorical approach, an offense meets the definition of "sexual abuse of a minor" only if any and all conduct proscribed by the criminal statute of conviction falls within that category. *Chang v. INS*, 307 F.3d 1185, 1189 (9th Cir. 2002). If the statute that led to the prior conviction does not categorically prohibit "sexual abuse of a minor," we next consider the modified categorical approach. *Shepard v. United States*, 125 S. Ct. 1254, 1259-60 (2005). Under the modified categorical approach, we may consider a limited number of judicially noticeable documents to determine whether, although the statute of conviction is overinclusive, the defendant was in fact convicted of a crime that met the definition of "sexual abuse of a minor." *Id.*; *Lara-Chacon v. Ashcroft*, 345 F.3d 1148, 1153 (9th Cir. 2003).

## A

[3] We first consider whether Washington Revised Code section 9.68A.090 categorically covered conduct that is "sexual abuse of a minor" as the BIA has defined that term.[1] Under the categorical approach, we may "look only to the fact of conviction and the statutory definition of the prior offense." *Taylor*, 495 U.S. at 602; *Ruiz-Morales*, 361 F.3d at 1221-22.

[4] In 2002, Parrilla was convicted of violating Washington Revised Code section 9.68A.090, which, at that time, stated:

---

[1]Since the date of Parrilla's conviction, the State of Washington has amended section 9.68A.090.

> A person who communicates with a minor for
> immoral purposes is guilty of a gross misdemeanor,
> unless that person has previously been convicted
> under this section or of a felony sexual offense under
> chapter 9.68A, 9A.44, or 9A.64 RCW or of any
> other felony sexual offense in this or any other state,
> in which case the person is guilty of a class C felony
> punishable under chapter 9A.20 RCW.

Wash. Rev. Code § 9.68A.090 (2000) (current version at
Wash. Rev. Code § 9.68A.090 (2003 & Supp. 2005)). The
Washington State Supreme Court interpreted this language to
prohibit, "any spoken word or course of conduct with a minor
for purposes of sexual misconduct." *State v. Schimmelpfennig*,
594 P.2d 442, 447 (Wash. 1979). The statute proscribed com-
munications related to "the rather broad area of 'sexual mis-
conduct,' " including offenses throughout the Washington
Revised Code, *State v. McNallie*, 846 P.2d 1358, 1363 (Wash.
1993), but did not prohibit communicating with a minor
regarding sexual conduct that would have been legal if per-
formed, *State v. Luther*, 830 P.2d 674, 676 (Wash. Ct. App.
1992).

**[5]** The 2002 version of section 9.68A.090 was not a cate-
gorical match with "sexual abuse of a minor." Some of the
conduct prohibited by section 9.68A.090 "involve[d] 'the
employment, use, persuasion, inducement, enticement, or
coercion of a child to engage in, or assist another person to
engage in, sexually explicit conduct or the rape, molestation,
prostitution, or other form of sexual exploitation of children,
or incest with children.' " *See, e.g.*, *McNallie*, 846 P.2d at
1364; *State v. Pietrzak*, 997 P.2d 947, 949-50 (Wash. Ct. App.
2000); *State v. Falco*, 796 P.2d 796, 797 (Wash. Ct. App.
1990). However, Washington law makes clear that the reach
of section 9.68A.090 was not limited to only abusive offenses.
Among the "immoral purposes" contained in Chapter 9.68
and elsewhere in the Washington Revised Code were offenses
that did not fall within the definition of "sexual abuse of a

minor" as the BIA interpreted that term in its opinion. *See, e.g.*, Wash. Rev. Code § 9.68.030 (providing information on how to get an unlawful abortion); *id.* § 9.68.130 (displaying pornography visible from a public thoroughfare); *id.* § 9.68A.150 (allowing a minor onto the premises of a live erotic performance). Although conduct such as talking to a minor for the purpose of allowing him or her into a live erotic performance is not commendable, neither is it "abusive" as our precedent has explained that term. *See Pallares-Galan*, 359 F.3d at 1101-02. We hold that the 2002 version of section 9.68A.090 did not define "sexual abuse of a minor" under the categorical approach.

**B**

**[6]** The government also contends that the conduct proscribed by section 9.68A.090 fell within the definition of an "attempt . . . to commit" an offense constituting "sexual abuse of a minor." 8 U.S.C. § 1101(43)(A), (U). We reject this argument because, even granting the premise that "communication" necessarily equates to "attempt," some of the "immoral purposes" proscribed in the Washington Revised Code do not fall within the definition of "sexual abuse of a minor." *See, e.g.*, Wash. Rev. Code §§ 9.68.030, 9.68.130, 9.68A.150. The 2002 language of section 9.68A.090 reached beyond conduct that could be "sexual abuse of a minor," whether we consider a completed offense or an attempt. We thus hold that section 9.68A.090 did not describe "sexual abuse of a minor" under the categorical approach, and that the BIA erred in concluding otherwise. We next turn to an assessment of Parrilla's state-court conviction as it is described in the First Amended Information, the guilty plea, and the CDPC.

**III**

Under the modified categorical approach, we consider whether the government has produced judicially noticeable documents that allow us to conclude that, although some

offenses under section 9.68A.090 did not meet the definition of "sexual abuse of a minor," the specific offense of which Parrilla was convicted fell within this category.

[7] The purpose of the modified categorical approach is "to make the requisite determination respecting the nature of a prior conviction without resorting to the type of mini-trials we deem to be wholly inappropriate in this context." *Tokatly v. Ashcroft*, 371 F.3d 613, 621 (9th Cir. 2004). In keeping with this purpose, under the modified categorical approach, our inquiry is "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard*, 125 S. Ct. at 1257; *Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 888 (9th Cir. 2003) (summarizing documents that may be used under the modified categorical approach); *United States v. Franklin*, 235 F.3d 1165, 1168-73 (9th Cir. 2000) (same). An information and a guilty plea, considered together, are generally sufficient. *United States v. Bonat*, 106 F.3d 1472, 1477 (9th Cir. 1997). Documents and testimony that would require us to make factual determinations that were not necessarily made in the prior criminal proceeding lie outside the scope of our inquiry under the modified categorical approach. *Tokatly*, 371 F.3d at 623-24 (testimony of a crime victim); *Lara-Chacon*, 345 F.3d at 1153-54 (a pre-sentencing report); *United States v. Melton*, 344 F.3d 1021, 1029 n.4 (9th Cir. 2003) (police affidavit establishing probable cause).

Although police reports and complaint applications, standing alone, may not be used to enhance a sentence following a criminal conviction, *Shepard*, 125 S. Ct. at 1257, 1259-60, the contents of these documents may be considered if specifically incorporated into the guilty plea or admitted by a defendant. *United States v. Smith*, 390 F.3d 661, 664-65 (9th Cir. 2004) (approving use of "the factual basis for the charge, as set forth by the prosecutor at the change of plea hearing" to which "defense counsel did not object"); *United States v.*

*Lopez-Patino*, 391 F.3d 1034, 1037-38 (9th Cir. 2004) (admissions the defendant made at his plea colloquy); *Ferreira v. Ashcroft*, 390 F.3d 1091, 1098-1100 (9th Cir. 2004) (restitution order referenced in a plea agreement). These precedents on the significance of statements and submissions made or admitted by a defendant in pleading guilty, taken from both criminal and immigration contexts, are persuasive to our resolution of this case.

**[8]** Here, the record of conviction in Washington state court includes both a form information, which recites the bare elements of section 9.68A.090, and a guilty plea, in which Parrilla expressly states, "I understand the Court will review the certification for determination of probable cause in determining if there is a factual basis for this plea and for sentencing." The referenced CDPC in turn had reported that Parrilla "repeatedly reached inside [the victim's] dress and touched her between her legs where she goes to the bathroom on top of her underwear." We conclude that, by explicitly incorporating the CDPC into his guilty plea, Parrilla in context admitted the facts in the CDPC and rendered it judicially noticeable for the purpose of applying the modified categorical approach. *See Ferreira*, 390 F.3d at 1098-1101. The CDPC here is not merely a bare police report, *cf. Shepard*, 125 S. Ct. at 1258-59, but is rather an explicit statement "in which the factual basis for the plea was confirmed by the defendant." *Id.* at 1263. In light of Parrilla's incorporation of the CDPC in his guilty plea, relying upon the CDPC to establish the elements of the crime to which Parrilla pled guilty does not undermine the purposes of our limited modified categorical inquiry. *See Smith*, 390 F.3d at 664-65; *Tokatly*, 371 F.3d at 621.

**[9]** Considering the First Amended Information and the guilty plea, including the incorporated CDPC, we conclude that "repeatedly reach[ing] inside [a seven year old's] dress and touch[ing] her between her legs where she goes to the bathroom on top of her underwear" meets the definition of an aggravated felony involving "sexual abuse of a minor" under

8 U.S.C. §§ 1101(a)(43)(A), 1227(a)(2)(A)(iii). Such conduct "involves 'the employment . . . of a child to engage in . . . molestation.' " We accordingly conclude that Parrilla is ineligible for cancellation of removal and deny the petition for review. *Id.*

**DENIED.**

---

FERNANDEZ, Circuit Judge, concurring and dissenting:

In my view, Washington Revised Code § 9.68A.090 categorically prohibited sexual abuse of a minor within the meaning of 8 U.S.C. § 1101(a)(43)(A). That is, in my opinion, the Washington courts have placed a sufficiently narrowing construction on what might otherwise have been an overbroad statute for our purposes. *See State v. McNallie*, 846 P.2d 1358, 1364 (Wash. 1993); *State v. Wissing*, 833 P.2d 424, 429 (Wash Ct. App. 1992); *State v. Luther*, 830 P.2d 674, 675—76 (Wash. Ct. App. 1992).

In addition, because, as the above cases indicate, Washington law requires that communication be for the purpose of actually involving a child in sexual misconduct, I do not believe that giving information about an abortion, unlawful or not, or making pornographic photography visible to the public, or allowing entry to an erotic performance business comes within the meaning of communication with a minor for immoral purposes.

Thus, I do not agree with parts II A and B of the majority opinion, and dissent in that respect. However, I do concur in the remainder of the opinion and in the result.

Therefore, with the exception noted, I concur in the excellent majority opinion.