Ysaias QUEZADA–BUCIO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70891.
Agency No. A90–633–495.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

Robert Houston Pauw, Esq., Gibbs Houston Pauw, Seattle, WA, for Petitioner.

Paul Soreff, Esq., Gibbs Houston Pauw Wells Fargo Center, Seattle, WA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Immigration And Naturalization Service Office of the District Counsel, Seattle, WA, James E. Grimes, Esq., Jennifer Lightbody, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Ysaias Quezada–Bucio, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. *Parrilla v. Gonzales*, 414 F.3d 1038, 1040 (9th Cir.2005). Reviewing de novo, *Altamirano v. Gonzales*, 427 F.3d 586, 591 (9th Cir.2005), we grant the petition for review and remand for further proceedings.

The BIA's determination that Quezada–Bucio's 2000 conviction pursuant to Washington Revised Code § 9.68A.090 for communicating with a minor for an immoral purpose is categorically "sexual abuse of a minor" preceded our decision to the contrary in *Parrilla*. *See* 414 F.3d at 1040 ("[W]e hold that section 9.68A.090 did not categorically proscribe 'sexual abuse of a minor'...."). We reject the government's contention that *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, ── U.S. ──, ──, 125 S.Ct. 2688, 2700, 162 L.Ed.2d 820 (2005), renders *Parrilla* nonbinding.

The government's alternative contention, not presented to the agency, is that Quezada–Bucio's conviction constituted attempted sexual abuse of a minor. It is likewise foreclosed by *Parrilla*. *See* 414 F.3d at 1043 ("We reject this argument because, even granting the premise that 'communication' necessarily equates to 'attempt,' some of the 'immoral purposes' proscribed in the Washington Revised Code do not fall within the definition of 'sexual abuse of a minor.' ").

There is ambiguity in the IJ's decision concerning whether he sustained the additional charge that Quezada–Bucio is removable for having been convicted of a crime of child abuse. The BIA may address this aspect of the case on remand.

PETITION FOR REVIEW GRANTED; REMANDED.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.