**Carlos Gugusto SANTA–CRUZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70990.

Agency No. A92–721–828.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

---

1. *See* 18 U.S.C. § 3742(g).

2. *United States v. Atondo–Santos,* 385 F.3d 1199 (9th Cir.2004).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Matthew B. Weber, Law Offices of Matthew B. Weber, Seattle, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Greg D. Mack, Seattle, WA, Anthony W. Norwood, Washington, DC, for Respondent.

Before HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

### MEMORANDUM**

Carlos Gugusto Santa–Cruz, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. *Parrilla v. Gonzales*, 414 F.3d 1038, 1040 (9th Cir.2005). Reviewing de novo, *Altamirano v. Gonzales*, 427 F.3d 586, 591 (9th Cir.2005), we grant the petition for review.

The BIA's determination that Santa–Cruz's 2000 conviction pursuant to Washington Revised Code § 9.68A.090 for communicating with a minor for an immoral purpose is categorically "sexual abuse of a minor" preceded our decision to the con-

trary in *Parrilla*. *See* 414 F.3d at 1040 ("[W]e hold that section 9.68A.090 did not categorically proscribe 'sexual abuse of a minor'...."). Unlike *Parrilla*, in which the BIA also applied a modified categorical analysis, the BIA did not do so in this case, and the government does not contend that the record sustains Santa–Cruz's removability under this approach.

The government's alternative contention, which was not presented to the agency, is that Santa–Cruz's conviction constituted attempted sexual abuse of a minor. It is likewise foreclosed by *Parrilla*. *See id.* at 1043 ("We reject this argument because, even granting the premise that 'communication' necessarily equates to 'attempt,' some of the 'immoral purposes' proscribed in the Washington Revised Code do not fall within the definition of 'sexual abuse of a minor.'").

**PETITION FOR REVIEW GRANTED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.