Mohammad Mustafa **IBRAHIM**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–75599.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 16, 2006.

Mohammad Mustafa Ibrahim, El Centro, CA, pro se.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM **

Mohammad Mustafa Ibrahim, a Palestinian native of Kuwait, petitions pro se for

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") order denying relief under the Convention Against Torture ("CAT") and ordering him removed to Jordan. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. *Parrilla v. Gonzales*, 414 F.3d 1038, 1040 (9th Cir.2005). We dismiss the petition for review in part, deny it in part, grant it in part, and remand for further proceedings.

We lack jurisdiction over Ibrahim's contentions concerning issues other than CAT and country of removal, as he did not exhaust these issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional); *see also Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000) (holding that ineffective assistance of counsel claims must first be presented to the BIA).

Ibrahim contends that the BIA and IJ erred in failing to consider the deferral of his removal to Jordan and Kuwait. We conclude that the BIA correctly determined that Ibrahim did not apply for CAT relief with respect to these two countries. Nowhere in Ibrahim's asylum application, testimony, or closing statement does he indicate a fear of torture in either Jordan or Kuwait.

As the BIA has not considered Ibrahim's exhausted contention that the IJ incorrectly designated Jordan as a country of removal, we grant the petition for review in part and remand the matter to the BIA. *See Barroso v. Gonzales*, 429 F.3d 1195, 1208 (9th Cir.2005); *see also INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**