The BIA did not abuse its discretion in denying Huerta Ramirez's motion to reopen, because the news articles she attached to her motion were not material to her claim for relief. *See* 8 C.F.R. § 1003.2(c)(1).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

**Antonio GARFIAS–CEJA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–70575.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2006.*

Filed Dec. 27, 2006.

Antonio Garfias–Ceja, San Pedro, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Lyle D. Jentzer, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

## MEMORANDUM **

Antonio Garfias–Ceja, a native and citizen of Mexico, petitions pro se for review

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

675

of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's removal order and denying his motion to remand. We have jurisdiction pursuant to 8 U.S.C. § 1252, *Parrilla v. Gonzales*, 414 F.3d 1038, 1040 (9th Cir.2005), and we deny the petition for review.

Reviewing Garfias–Ceja's legal contention de novo, *Altamirano v. Gonzales*, 427 F.3d 586, 591 (9th Cir.2005), we conclude that the agency properly determined that he is ineligible for cancellation of removal due to his controlled substance conviction. See 8 U.S.C. § 1229b(b)(1)(C) (cross-referencing 8 U.S.C. § 1227(a)(2)(B)(i)).

We also conclude that the BIA did not abuse its discretion in denying Garfias–Ceja's motion to remand. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003); *see also Ortega de Robles v. INS,* 58 F.3d 1355, 1358 (9th Cir.1995) ("Criminal convictions cannot be collaterally attacked in deportation proceedings."). We note that Garfias–Ceja's petition for writ of habeas corpus was denied by the California Supreme Court on September 21, 2005.

**PETITION FOR REVIEW DENIED.**