Aldo Alonzo **JIMENEZ–HERNANDEZ,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 05–74252.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 15, 2007.

Jesse A. Moorman, Esq., Law Offices of Judith L. Wood Human Rights Project, Los Angeles, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, OIL, Michelle G. Latour, P. Michael Truman, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM [**]

Aldo Alonzo Jimenez–Hernandez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's removal order and denying his motion to remand. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. *Parrilla v. Gonzales,* 414 F.3d 1038, 1040 (9th Cir.2005). We deny the petition for review in part and dismiss it in part.

Reviewing for abuse of discretion, *Guzman v. INS,* 318 F.3d 911, 912 n. 1 (9th Cir.2003) (per curiam), we conclude that the BIA acted within its discretion in denying Jimenez–Hernandez's motion to remand because the evidence he sought to present was, according to his own declaration, not previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1); *see also Ramirez-Alejandre v. Ashcroft,* 320 F.3d 858, 874 (9th Cir.2003) (en banc) ("a motion to remand must meet all the requirements of a motion to reopen").

Moreover, the BIA did not abuse its discretion in requiring Jimenez–Hernandez to comply with *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), as a prerequisite to claiming ineffective assistance of counsel. *See Reyes v. Ashcroft,* 358 F.3d 592, 598–99 (9th Cir.2004) (approving *Lozada* requirements when alleged ineffectiveness is not clear from the record). This is not a case in which "counsel's inef-fective assistance was obvious and undisputed on the face of the record." *Id.* at 597.

We lack jurisdiction to review Jimenez–Hernandez's remaining claims, which were not exhausted before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional under 8 U.S.C. § 1252(d)(1)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

