**Banjo Lopez LAPENA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71547.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted March 12, 2007.*

Filed March 15, 2007.

Banjo Lopez Lapena, Eloy, AZ, pro se.

Cynthia M. Parsons, USPX—Office of the U.S. Attorney, Phoenix, AZ, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

Banjo Lopez Lapena, a native and citizen of the Philippines, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") removal order. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. *Parrilla v. Gonzales*, 414 F.3d 1038, 1040 (9th Cir.2005). We deny the petition for review in part and dismiss it in part.

■ Reviewing de novo, *Altamirano v. Gonzales*, 427 F.3d 586, 591 (9th Cir.2005), we have held that a conviction pursuant to California Penal Code § 261.5(c) for unlawful sexual intercourse with a minor is categorically "sexual abuse of a minor," an aggravated felony. *See Afridi v. Gonzales*, 442 F.3d 1212, 1217 (9th Cir.2006). Accordingly, Lapena is ineligible for lawful permanent resident cancellation of removal. *See* 8 U.S.C. § 1229b(a)(3) (precluding cancellation for aliens "convicted of any aggravated felony").

We also conclude that the BIA properly corrected the IJ's reference to an incorrect section of the California Penal Code.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

[redacted] We lack jurisdiction to review Lapena's remaining claims, concerning relief under former 8 U.S.C. § 1182(c) and due process, which were not exhausted before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional under 8 U.S.C. § 1252(d)(1)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

[redacted]

[redacted]

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.