Eddie PAREDES–PEREZ, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–71472.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed May 23, 2007.

Frank P. Sprouls, Esq., Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Claire L. Workman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Eddie Paredes–Perez, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") adopting and affirming an immigration judge's removal order. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. *Parrilla v. Gonzales,* 414 F.3d 1038, 1040 (9th Cir.2005). We dismiss the petition for review in part, grant it in part, and remand for further proceedings.

We lack jurisdiction to consider Paredes–Perez's contention regarding *Perez–Gonzalez v. Ashcroft,* 379 F.3d 783 (9th Cir.2004), as he did not raise it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional).

We review legal questions de novo, *Altamirano v. Gonzales,* 427 F.3d 586, 591 (9th Cir.2005), and apply the modified categorical approach to Paredes–Perez's conviction under California Health and Safety Code § 11352(a) because "California law regulates the possession and sale of numerous substances that are not similarly regulated by the [federal Controlled Substances Act]." *Ruiz–Vidal v. Gonzales,* 473 F.3d 1072, 1078 (9th Cir.2007). We conclude that the agency erred in relying on Exhibit 2 to establish the basis of Paredes–Perez's conviction because the handwritten "chronological index of court proceedings" is not judicially noticeable and "[c]harging papers alone … are never sufficient." *See Martinez–Perez v. Gonzales,* 417 F.3d 1022, 1028 (9th Cir.2005); *United States v. Corona–Sanchez,* 291 F.3d 1201, 1212 (9th Cir.2002) (en banc) (rejecting the use of a presentence report indicating that appellant pled guilty as charged "because it does not indicate the source of this information [was one] we have previously deemed acceptable").

The agency also incorrectly relied on Paredes–Perez's "concession of inadmissi-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

bility." *See Tokatly v. Ashcroft,* 371 F.3d 613, 623 (9th Cir.2004) ("We decline to modify this court's—and the Board's—strict rules against extra-record of conviction evidence in order to authorize use of an alien's admissions in determining [inadmissibility]. . . ."). Accordingly, we grant the petition for review with respect to Paredes–Perez's inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)(II), *see Ruiz–Vidal,* 473 F.3d at 1080 ("here the record on remand would consist only of those documents already in the record"), and remand for further proceedings consistent with this disposition. In light of our decision, we do not reach Paredes–Perez's remaining contentions.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**