Alfonso **CHAVEZ–PLACENCIA,** Petitioner,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

No. 07–70726.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 21, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Victor D. Nieblas Pradis, City of Industry, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

Alfonso Chavez–Placencia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision ordering him removed and denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Fernandez–Ruiz v. Gonzales,* 468 F.3d 1159, 1163 (9th Cir.2006). We dismiss the petition for review in part and deny it in part.

We lack jurisdiction to review Chavez–Placencia's contentions that his charging document provided inadequate notice, and that he is eligible for adjustment of status despite his conviction, as these contentions were not exhausted before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (exhaustion is mandatory and jurisdictional).

We reject Chavez–Placencia's contention that his conviction is not an aggravated felony barring him from cancellation of removal. *See Rendon v. Mukasey,* 520 F.3d 967, 976 (9th Cir.2008) ("[P]ossession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony."). Chavez–Placencia's plea agreement establishes that he pled guilty to felony "sale of marijuana." *See Parrilla v. Gonzales,* 414 F.3d 1038, 1043 (9th Cir.2005) (a plea colloquy transcript is a judicially noticeable document under the modified categorical approach described in *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.