Issac **MARTINEZ–MEMIJE**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 06–75346.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 11, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Issac Martinez–Memije, Corona, CA, for Petitioner.

CAC–District, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, Ana T. Zablah–Monroe, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Issac Martinez–Memije, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's deportation order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Fernandez–Ruiz v. Gonzales*, 468 F.3d 1159, 1163 (9th Cir.2006), and deny the petition for review.

■ We reject Martinez–Memije's contentions that the agency erred and violated due process in deciding that his 1998 felony conviction under Cal. Health & Safety Code § 11351 is an aggravated felony. *See Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir.2008) ("[P]ossession of a con-

trolled substance with the intent to sell contains a trafficking element and is an aggravated felony."). Martinez–Memije's plea agreement establishes that he pled guilty because he "willfully [and] unlawfully possessed tar heroin [in] a sufficient quantity for sale." *See Parrilla v. Gonzales*, 414 F.3d 1038, 1043 (9th Cir.2005) (a written plea agreement is a judicially noticeable document under the modified categorical approach described in *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)).

■ We also reject Martinez–Memije's contention that his conviction does not bar him from establishing good moral character for purposes of suspension of deportation and voluntary departure. *See* 8 U.S.C. § 1101(f)(8) ("No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is ... one who at any time has been convicted of an aggravated felony[.]"); *Castiglia v. INS*, 108 F.3d 1101, 1103 (9th Cir.1997) (section 1101(f)(8) "evidences [congressional] intent that aggravated-felony convictions be an absolute bar to a finding of good moral character").

In light of our disposition, we need not address Martinez–Memije's conviction under Cal. Health & Safety Code § 11352(a).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.