**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABELARDO AMEZCUA GARCIA, | No. 07-72516 |
| Petitioner, | Agency No. A095-558-303 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Abelardo Amezcua Garcia, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") removal order and denying his application for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

IH/Research

voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo questions of law, *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008), and claims of due process violations in immigration proceedings, *Sanchez-Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001). We deny in part and grant in part the petition for review.

The agency properly concluded that Amezcua Garcia is removable under 8 U.S.C. § 1227(a)(1)(A) because the record of conviction establishes that his 1995 conviction for violating California Health & Safety Code section 11366.5 ("section 11366.5") related to a federally defined controlled substance and he was therefore inadmissable at the time of his 1999 entry. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II); *Parrilla v. Gonzales*, 414 F.3d 1038, 1043 (9th Cir. 2005).

Amezcua Garcia's contention that California Health & Safety Code section 11366.5 lacks the requisite mens rea to qualify as a crime relating to a controlled substance is unavailing. *See People v. Sanchez*, 33 Cal. Rptr. 2d 155, 158 (Cal. App. 1994). To the extent Amezcua Garcia contends that he lacked the requisite mens rea for conviction, we cannot collaterally reexamine his conviction here. *See Ortega de Robles v. INS*, 58 F.3d 1355, 1358 (9th Cir. 1995).

Amezcua Garcia's contention that BIA's sua sponte vacatur of the IJ's grant of voluntary departure violated due process is unpersuasive. Amezcua Garcia's

statutory eligibility for voluntary departure was a question of law which the BIA is permitted by regulation to review de novo. *See* 8 C.F.R. § 1003.1(d)(3)(i); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a due process violation).

Finally, the BIA erred in holding that Amezcua Garcia's conviction was categorically an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B), as not all the behavior prohibited by section 11366.5 would constitute a violation of 21 U.S.C. § 856(a)-(b).

First, 21 U.S.C. § 856(a)(1) requires that the owner personally intend to engage in prohibited drug manufacturing, distribution, or usage, while section 11366.5 requires only that the owner knowingly permit others who have such intent to engage in drug-related activity on the property. *See United States v. Ford*, 371 F.3d 550, 554 (9th Cir. 2004); *Sanchez*, 33 Cal. Rptr. 2d at 158.

Second, although 21 U.S.C. § 856(a)(2) and section 11366.5 are similar, they differ in that the mens rea requirement for the former is "knowingly and intentionally" while the mens rea requirement for the latter is only "knowingly." We cannot read the explicit mens rea requirement of "intentionally" out of the statute. *See Boise Cascade Corp. v. United States EPA*, 942 F.2d 1427, 1432 (9th Cir. 1991) ("Under accepted canons of statutory interpretation, we must interpret

statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous.").

Because the BIA did not reach any other basis for characterizing Amezcua Garcia's conviction as an aggravated felony, we remand for the BIA to reconsider Amezcua Garcia's request for voluntary departure.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**