NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3668
_____

ALEX EDMOND ERIC SMITH,
                              Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                              Respondent
_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A036-799-753)
Immigration Judge: Honorable Walter A. Durling
_____

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2013

Before:  FISHER, JORDAN and ALDISERT, *Circuit Judges*.

(Filed: November 5, 2013)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Alex Smith petitions for review of an August 23, 2012 decision of the Board of

Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") determination that

he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii). For the reasons that follow, we will deny the petition.

## I.     Background

Smith is a native and citizen of Antigua and Barbuda and has been a lawful permanent resident of the United States since he immigrated to this country in 1981. On March 31, 2010, he pled guilty in Pennsylvania state court to one violation of 35 Pa. Stat. § 780-113(a)(30), which criminalizes "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance." Based on that conviction, the Department of Homeland Security ("DHS") charged Smith with removability due to the commission of an "aggravated felony" under the Immigration and Nationality Act ("INA").[1] As evidence of Smith's removability, DHS submitted to the IJ a copy of his written guilty plea, in which he had agreed "to allow the Judge to incorporate … into the record" the factual allegations "from the Affidavit of Probable Cause," instead of having the Assistant District Attorney summarize the facts on which his guilty plea was based. (A.R. at 106.) The Affidavit of Probable Cause revealed that Smith had conspired with his brother to buy 75 pounds of marijuana for $52,500.

Based on that evidence, the IJ concluded that Smith had been convicted of an aggravated felony under the INA and was therefore subject to deportation. Smith appealed to the BIA, which affirmed the IJ's decision. This timely petition followed.

---

[1] The INA provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii).

2

## II.  Discussion[2]

Smith argues that the BIA and IJ erroneously concluded that his 2010 conviction constitutes an "aggravated felony" under the INA.  Although he concedes that "the Affidavit of Probable Cause contains information sufficient to base a determination that the conviction was an Aggravated Felony" (Petitioner's Opening Br. at 4 n.3), he says that it was improper for the IJ to rely on the Affidavit in reaching its conclusion, and that, absent the Affidavit, the record is insufficient to show that he committed an aggravated felony.

The INA defines "aggravated felony," in relevant part, as "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)."  8 U.S.C. § 1101(a)(43)(B).  Section 924(c) in turn defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act."  18 U.S.C. § 924(c)(2).  A state drug conviction constitutes an aggravated felony if "(a) it would be punishable as a felony under the federal Controlled Substances Act, or (b) it is a felony under state law and includes an illicit trafficking element."  *Evanson v. Att'y Gen.*, 550 F.3d 284, 288 (3d Cir. 2008).  Accordingly, we have identified "two routes by which an offense may qualify as an aggravated felony."  *Jeune v. Att'y Gen.*, 476 F.3d 199, 201 (3d Cir. 2007).  Under the "illicit trafficking route," "the state conviction is an aggravated felony if it is a felony

---

[2] We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) and "determine *de novo* whether [Smith's] conviction constituted an aggravated felony."  *See Evanson v. Att'y Gen.*, 550 F.3d 284, 288 (3d Cir. 2008).

under state law and contains a 'trafficking element.'" *Id.* (quoting *Gerbier v. Holmes*, 280 F.3d 297, 313 (3d Cir. 2002)). The second route – termed the "hypothetical federal felony route" – requires that "we compare the offense of conviction to the federal Controlled Substances Act to determine if it is analogous to an offense under that Act." *Evanson*, 550 F.3d at 289.

Under either route, "we presumptively apply the 'formal categorical approach'" when making "aggravated felony" determinations, which requires that we "look only to the statutory definitions of the prior offenses." *Garcia v. Att'y Gen.*, 462 F.3d 287, 291 (3d Cir. 2006) (quoting *Singh v. Ashcroft*, 383 F.3d 144, 147-48 (3d Cir. 2004)) (internal quotation marks omitted). In other words, when comparing an offense to a hypothetical federal felony or determining whether it contains a trafficking element, we generally consider only the elements of the relevant statute. We may depart from the formal categorical approach, however, when the statute of conviction "is phrased in the disjunctive such that it is unclear from the face of the statute whether the conviction was an aggravated felony." *Jeune*, 476 F.3d at 202. In such an instance, we can apply the "modified categorical approach," which allows us to look beyond the statutory definition for the limited purpose "of determining the elements necessarily found by a jury, or admitted by a defendant in pleading guilty." *Evanson*, 550 F.3d at 290 & n.4.

As we have explained previously, a conviction under 35 Pa. Stat. § 780-113(a)(30) – the statute of conviction involved here – is not necessarily an aggravated felony under either the hypothetical federal felony approach or the illicit trafficking element approach. *See Evanson*, 550 F.3d at 290. Under that Pennsylvania statute, which broadly

4

criminalizes "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance," 35 Pa. Stat. § 780-113(a)(30), a person could be prosecuted for "distributing a small amount of marijuana for no remuneration," which would not be equivalent to a federal drug felony, *Catwell v. Att'y Gen.*, 623 F.3d 199, 207 (3d Cir. 2010), or for manufacturing drugs for personal use, which would not involve a trafficking element, *Garcia*, 462 F.3d at 293 n.9. But the statute is "disjunctive," in that it "describes three distinct offenses: manufacture, delivery, and possession with the intent to deliver or manufacture." *Id.* at 293 & n.9. We are therefore not limited to considering just Smith's statute of conviction, but can apply the modified categorical approach to determine whether he was convicted of an aggravated felony. *Evanson*, 550 F.3d at 291-92.[3]

Even under the modified categorical approach, however, we can only look beyond the statutory definition to a limited extent and for a limited purpose. We are allowed "to determine what elements formed the basis for a defendant's underlying conviction" by consulting "the charging document and jury instructions."[4] *Id.* at 291. When a defendant

---

[3] In *Evanson*, we applied the modified categorical approach with regard to the illicit trafficking element approach, and we expressed uncertainty as to whether "the Pennsylvania statute is disjunctive in a sense that is relevant to the inquiry under the hypothetical federal felony test." 550 F.3d at 292 n.5. We subsequently resolved that uncertainty by holding, in a case involving the hypothetical federal felony test, that, because the Pennsylvania statute is divisible, "this Court will apply the modified categorical approach." *Catwell*, 623 F.3d at 207.

[4] Although the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), defined the categorical approach in the context of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), we apply the same approach "in evaluating whether predicate

5

has pled guilty to the underlying offense, as Smith did, the Supreme Court's decision in *Shepard v. United States* permits us to examine the "statutory definition, charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented," with our focus directed at the elements upon which the plea necessarily rested. *Id.* (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)) (internal quotation marks omitted).

Given that standard, Smith acknowledges that the IJ and the BIA could properly consider his written guilty plea, as it is one of the documents expressly mentioned in *Shepard*. *See* 544 U.S. at 16. Furthermore, he does not contest that, if the Affidavit of Probable Cause had been properly incorporated into the written guilty plea, it could also be considered, as it would thus have become part of the *Shepard* documents. *Cf. Parrilla v. Gonzalez*, 414 F.3d 1038, 1044 (9th Cir. 2005) ("Although police reports and complaint applications, standing alone, may not be used to enhance a sentence following a criminal conviction, the contents of these documents may be considered if specifically incorporated into the guilty plea or admitted by a defendant." (citations omitted)). Smith's only argument against the use of the Affidavit is that, although the guilty plea gave the judge permission to incorporate the Affidavit into the plea, it is unclear from the record whether the Affidavit was actually incorporated. Because of that alleged ambiguity, Smith says that the IJ and BIA were barred from considering the Affidavit, as

---

convictions fall within the definition of 'aggravated felony'" in the INA. *Evanson*, 550 F.3d at 291.

it is precisely the type of document the *Shepard* Court placed off-limits under the modified categorical approach.

But Smith cannot wish away the record so easily. His guilty plea specifically stated the following: "Your plea is based on factual accusations placed in writing by the police and sworn to before a District Justice who issued an arrest warrant for these charges." (A.R. at 106.) He was asked, "Are you willing to allow the Judge to incorporate these factual accusations into the record from the Affidavit of Probable Cause or would you prefer the Assistant District Attorney to summarize the facts on which you plead?" (*Id.*) And he answered "incorporate." (*Id.*) In other words, he was permitted to participate in the framing of the record, and he unambiguously chose to have the Affidavit of Probable Cause incorporated into his guilty plea. He expressly pled guilty to the allegations in the Affidavit of Probable Cause. *See Evanson*, 550 F.3d at 290 & n.4 (explaining that the modified categorical approach allows courts to look beyond the statutory definition for the limited purpose "of determining the elements necessarily found by a jury, or admitted by a defendant in pleading guilty"). Under those circumstances, it was entirely proper for the BIA and IJ to consider the Affidavit for the limited purpose of determining whether Smith pled guilty to elements that constitute an aggravated felony under the INA.

Even Smith acknowledges that, once the Affidavit is taken into account, his Pennsylvania conviction is an aggravated felony, and we agree.[5] Because Smith's prior

---

[5] Taking the hypothetical felony route, for example, "[a] state marijuana conviction is … equivalent to a federal drug felony if the offense involved payment or more than a

conviction was indeed an aggravated felony, the BIA correctly determined that he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii).

## III.    Conclusion

For the foregoing reasons, we will deny the petition for review.

---

small amount of marijuana." *Catwell*, 623 F.3d at 206 (quoting *Evanson*, 550 F.3d at 289) (internal quotation marks omitted).  We require the amount of marijuana possessed by a defendant to be sufficient to qualify as a felony under the hypothetical federal felony test so as to satisfy 21 U.S.C. § 841(b)(4), which provides that "gratuitous distribution of an undefined small amount of marijuana without remuneration is not inherently a felony under federal law." *Jeune*, 476 F.3d at 205 (internal quotation marks omitted).  Here, the plea colloquy with the Affidavit reflects that Smith was convicted of  possession with intent to distribute 75 pounds – just over 34 kilograms – of marijuana.  That amount is obviously well beyond the "small amount" contemplated in § 841(b)(4) and is many times the 120.5 grams we found large enough to constitute a felony in *Catwell*, 623 F.3d at 209.  Thus, viewed under the modified categorical approach, the record demonstrates that Smith's conviction would fall under 21 U.S.C. § 841(b)(1)(D), which penalizes as a felony the possession of less than 50 kilograms of marijuana.