MEMORANDUM *
Rafael Ramirez-Macias appeals from the district court’s imposition of a 12-level enhancement to his sentence for illegally *819 reentering the United States in violation of 8 U.S.C. § 1326. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. Reviewing de novo the district court’s interpretation of the Sentencing Guidelines, United States v. Gomez-Leon, 545 F.3d 777, 782 (9th Cir.2008), we affirm.
The parties agree that California Health & Safety Code § 11352(a) is comparatively overbroad and, thus, is not categorically a predicate offense for an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i). However, the parties disagree as to whether the controlled substance element of § 11352(a) is divisible under Descamps v. United States, — U.S.-, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). Ramirez-Macias’s contention that the element is indivisible is foreclosed by Coronado v. Holder, 747 F.3d 662 (9th Cir.2014), amended by 759 F.3d 977 00000(9th Cir.2014). Coronado squarely holds that the similarly-structured controlled substance element of California Health & Safety Code § 11377(a) is divisible. Coronado, 759 F.3d at 983-84. There is no material legal distinction between the controlled substance elements of § 11352(a) and § 11377(a). Because both statutes define “controlled substance” by incorporating by reference several lists of controlled substances contained elsewhere in California law, the controlled substance element of § 11352(a), like its analogue in § 11377(a), is divisible.
When a sentencing court analyzes an earlier conviction obtained under a statute containing an overbroad, divisible element, that court may employ the modified categorical approach to “compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.” Descamps, 133 S.Ct. at 2281. We permit “reliance on an abstract of judgment in combination with a charging document to establish that the defendant pled guilty to a generic crime under the modified categorical approach.” Ramirez-Villalpando v. Holder, 645 F.3d 1035, 1040 (9th Cir.2010). See generally Shepard v. United States, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (listing the types and categories of documents available to courts applying the modified categorical approach).
Here, the abstract of conviction clearly identifies the alternative controlled substance element as cocaine. The abstract also specifies that Ramirez-Macias pled guilty to count two of the complaint, which, in turn, lists cocaine as the drug satisfying the controlled substance element. Looking to this “combination” of the documents of conviction, Ramirez-Villalpando v. Holder, 645 F.3d at 1040, the district court properly determined that Ramirez-Macias’s § 11352(a) conviction is a predicate offense for an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i).[1]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Any reliance the district court may have placed on the police report included in the record was permissible. Parrilla v. Gonzales, 414 F.3d 1038, 1044 (9th Cir.2005) (approving reliance on a police report where, as here, the defendant specifically approved the incorporation of the police report into a Shepard-compliant document).