**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

   v.

NORBERTO REVELES-ESPINOZA,
    *Defendant-Appellant.*

No. 05-50905

D.C. No.
CR-05-00040-NAJ

OPINION

Appeal from the United States District Court
for the Southern District of California
Napoleon A. Jones, District Judge, Presiding

Argued and Submitted
October 20, 2006—Pasadena, California
Submission Withdrawn February 2, 2007
Resubmitted October 12, 2007

Filed April 15, 2008

Before: Raymond C. Fisher and Consuelo M. Callahan,
Circuit Judges, and Raner C. Collins, District Judge.*

Per Curiam Opinion

---

*The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

**COUNSEL**

Marisa L. Dersey, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Jonathan I. Shapiro, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

**OPINION**

PER CURIAM:

Norberto Reveles-Espinoza was convicted under 8 U.S.C. § 1326. He appeals his conviction, arguing that the deportation underlying his conviction was improper because: (1) the immigration judge failed to advise him he was eligible for cancellation of removal and (2) he received insufficient notice of the asserted basis for his deportation. We affirm.

## I.  *Factual and Procedural Background*

Reveles-Espinoza was born in Mexico and was admitted to the United States from Mexico as an immigrant in 1965. He was convicted in Los Angeles County Superior Court of felony cultivation of marijuana under California Health and Safety Code § 11358 in August 1999. In 2003, he was notified to appear before an immigration judge (IJ) based on the government's contention that he was deportable because of conviction for a "controlled substance offense." At the hearing, Reveles-Espinoza conceded removability because of his conviction for a "drug offense." He admitted he had previously been convicted of heroin possession in 1989 and 1994. The government asserted that Reveles-Espinoza had also been convicted of battery against a police officer in 1981 and unreasonable noise in 2003.

The IJ ruled that Reveles-Espinoza would have been able to apply for a waiver if he had only the heroin and noise convictions, but because his most recent conviction for cultivation of marijuana was an aggravated felony, he was not eligible for any relief. The IJ ordered him removed from the United States. He appealed the removal to the Board of Immigration Appeals, which affirmed the IJ's decision without opinion. He was deported to Mexico in August 2004.

In November 2004, Reveles-Espinoza was arrested in California and admitted to being in the country unlawfully. He

was indicted under 8 U.S.C. § 1326 as a previously excluded and deported alien found in the United States without the express consent of the Attorney General or the Department of Homeland Security. He moved to dismiss the indictment, arguing it was based on an invalid deportation because the IJ failed to inform him that he was eligible for relief from removal. The district court found that Reveles-Espinoza's conviction under California Health and Safety Code § 11358 was indeed an aggravated felony, making him ineligible for relief. Reveles-Espinoza conditionally pled guilty, subject to the right to appeal the issue of his prior deportation's validity.

At sentencing, Reveles-Espinoza objected to the aggravated felony enhancement based on his conviction under § 11358. After noting that it considered the question one of first impression and ordering further briefing on the question, the district court ruled that the conviction had been substantiated as an aggravated felony, and enhanced his sentence accordingly.

## II. *Reveles-Espinoza's State Conviction*

Because Reveles-Espinoza moved to dismiss his § 1326 indictment based on an alleged due process violation during his underlying deportation proceeding, we review the court's failure to dismiss de novo. *See United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004). We also review de novo whether Reveles-Espinoza's state conviction was an aggravated felony within the meaning of federal law and thus would make him ineligible for cancellation of removal. *See Parrilla v. Gonzales*, 414 F.3d 1038, 1041 (9th Cir. 2005).

[1] If Reveles-Espinoza's conviction under California Health and Safety Code § 11358 is an "aggravated felony" within the meaning of 8 U.S.C. § 1229b, he was not eligible for cancellation of removal and his deportation was proper. *See* 8 U.S.C. § 1229b(a)(3). " 'Aggravated felony' means . . .

illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43). "[T]he term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act . . . ." 18 U.S.C. § 924(c)(2). "[A] state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *See Lopez v. Gonzales*, 549 U.S. __, 127 S. Ct. 625, 633 (2006).

In determining whether a state offense fits within the generic definition of an aggravated felony, "we first make a categorical comparison of the elements of the statute of conviction to the generic definition, and decide whether the conduct proscribed by [the statute] is broader than, and so does not categorically fall within, this generic definition." *Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 887 (9th Cir. 2003); *see Taylor v. United States*, 495 U.S. 575, 602 (1990). We conclude that the state offense for which Reveles-Espinoza was convicted categorically falls within the generic definition of a "drug trafficking crime" and thus constitutes an "aggravated felony" within the meaning of 8 U.S.C. § 1229b.

**[2]** California Health and Safety Code § 11358 criminalizes "plant[ing], cultivat[ing], harvest[ing], dr[ying], or process-[ing] any marijuana." The information stating the count to which Reveles-Espinoza eventually pled guilty alleged that he did "plant, cultivate, harvest, dry, and process marijuana." Under federal law, the manufacture of marijuana may be punished by up to five years' imprisonment and is therefore a felony. *See* 21 U.S.C. § 841(b)(1)(D); 18 U.S.C. § 3559(a)(4). "The term 'manufacture' means the production . . . or processing of a drug," 21 U.S.C. § 802(15), and "[t]he term 'production' includes the manufacture, planting, cultivation, growing, or harvesting of a controlled substance," 21 U.S.C. § 802(22).

**[3]** Reveles-Espinoza focuses on the term "drying," arguing that that act alone would not qualify as an aggravated felony and thus § 11358 is categorically overbroad. True, the Controlled Substances Act does not use the term "drying," but the ordinary meaning of the terms "production" and "processing of a drug" includes the act of drying. *See, e.g.*, *United States v. Cordova Barajas*, 360 F.3d 1037, 1041-42 (9th Cir. 2004) (holding that a conviction for "cultivating" marijuana under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 was supported by sufficient evidence where officers found defendant with a garden tool outside a structure "containing drying marijuana plants"); *see also* Application Note 1 to U.S.S.G. § 2D1.1; *United States v. Moses*, 289 F.3d 847, 850 (6th Cir. 2002); *United States v. Raines*, 243 F.3d 419, 422 (8th Cir. 2001); *United States v. Smith*, 51 F.3d 980, 981 (11th Cir. 1995) (per curiam); *United States v. Webb*, 945 F.2d 967, 968 (7th Cir. 1991); *United States v. 40 Moon Hill Road*, 884 F.2d 41, 44 (1st Cir. 1989). By pleading guilty to a violation of § 11358, Reveles-Espinoza thus admitted guilt of activities that are clearly within the ambit of the federal felony of manufacturing marijuana.

**[4]** We must also reject Reveles-Espinoza's argument that his conviction falls outside the federal definition of an aggravated felony because of the possibility that he was convicted under California's theory of aiding and abetting liability. He is correct that aiding and abetting liability is implicit in every California information and that we therefore have no way to determine whether he was convicted under that theory of liability. *See* Cal. Penal Code § 971. Reveles-Espinoza accepts that those convicted of *federal* aiding and abetting liability are punishable as principals. *See* 18 U.S.C. § 2(a). But he argues that California's aiding and abetting liability is broader because California extends this liability to the "natural and probable consequences" of the crime originally aided and abetted.

**[5]** The Supreme Court, however, recently held in *Gonzales v. Duenas-Alvarez*, 549 U.S. __, 127 S. Ct. 815 (2007), that

the "natural and probable consequences doctrine" was not "alone" sufficient to "show that the [California theft] statute covers a nongeneric theft crime, for relatively few jurisdictions . . . have expressly rejected" this doctrine. *Id.* at 821. Moreover, as in *Duenas-Alvarez*, Reveles-Espinoza has failed to "show something *special* about California's version of the doctrine — for example, that California in applying it criminalizes conduct that most other States would not consider" a felony under the Controlled Substances Act, because he has not "point[ed] to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Id.* at 821-22 (emphasis in original). Reveles-Espinoza has not demonstrated "a realistic probability, not a theoretical possibility, that [California] would apply its statute to conduct that falls outside the generic definition of a crime." *Id.* at 822. We thus conclude that California's aiding and abetting liability is not sufficiently broader than that under federal law such that it places a conviction under § 11358 outside the ambit of felonies punishable under the Controlled Substances Act. Even if Reveles-Espinoza was convicted under an aiding and abetting theory, he is liable under federal as well as state law.

### III.   *Notice of Basis of Deportation*

**[6]** The fact that the Notice to Appear (NTA) served upon Reveles-Espinoza characterized his § 11358 conviction as a "controlled substance offense" rather than an "aggravated felony" was not a due process violation. *See Salviejo-Fernandez v. Gonzales*, 455 F.3d 1063, 1066 (9th Cir. 2006) (holding that "due process does not require inclusion of charges in the NTA that are not grounds for removal but are grounds for denial of relief from removal"). Even if Reveles-Espinoza was initially unaware that a conviction under § 11358 carried with it the potential to deprive him of eligibility for cancellation of removal, the IJ provided notice by twice delaying the hearing in order to allow the government time to obtain prior conviction records so that she could determine Reveles-

Espinoza's eligibility for relief. This flagged the issue of whether the § 11358 conviction was an "aggravated felony." Thus, Reveles-Espinoza received constitutionally sufficient notice that he was subject to removal proceedings in which he might be ineligible for cancellation of removal.

**AFFIRMED.**