Francisco Ramirez REYES, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–71964.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 19, 2008.

Elsa I. Martinez, Esq., Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA,

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John D. Williams, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Francisco Ramirez Reyes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo questions of law, *Altamirano v. Gonzales*, 427 F.3d 586, 591 (9th Cir.2005), and for abuse of discretion the IJ's denial of a request for a continuance, *Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir.2008) (per curiam). We deny the petition for review.

The agency did not err in determining that Ramirez Reyes was removable where he conceded the allegations and admitted the charge in the Notice to Appear. *See* 8 U.S.C. § 1229a(c)(2)(A) (alien has burden of establishing that he is entitled to be admitted or that he is lawfully present pursuant to a prior admission).

The IJ did not abuse his discretion in refusing to grant Ramirez Reyes a second continuance in order to attack his criminal conviction collaterally in state court. *See Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir.1996).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Ramirez Reyes' contention regarding whether his conviction under Cal. Health & Safety Code § 11358 is an aggravated felony is foreclosed by *United States v. Reveles–Espinoza,* 522 F.3d 1044, 1047 (9th Cir.2008) (per curiam).

Ramirez Reyes' remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.