NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS VEGA-CUEVAS, | No. 12-70887 |
| Petitioner, | Agency No. A057-867-393 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2015[**]
Portland, Oregon

Before: FISHER, PAEZ, and IKUTA, Circuit Judges.

Juan Carlos Vega-Cuevas petitions for review of the Board of Immigration

Appeals's dismissal of his appeal, in which it concluded that Vega-Cuevas's

conviction for manufacture of marijuana under Or. Rev. Stat. § 475.856 is

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

categorically an aggravated felony drug trafficking crime because the same conduct constitutes a felony under the federal Controlled Substances Act.

A state conviction will constitute a drug-trafficking aggravated felony if it either (1) includes an element of illicit trafficking, or (2) is a crime punishable as a felony under the federal Controlled Substances Act, 21 U.S.C. § 801 et. seq. *Rendon v. Mukasey*, 520 F.3d 967, 974 (9th Cir. 2008). Vega-Cuevas argues that his conviction is not an aggravated felony under the second prong, because § 475.856 is not a categorical match to the federal statute. Vega-Cuevas argues that § 475.856 is broader, because Oregon's definition of "manufacture" includes the term "conversion," while the federal statute does not, though the two definitions are otherwise substantially identical. Or. Rev. Stat. § 475.005(15); *compare* 21 U.S.C. § 802(15). Vega-Cuevas likewise argues that Oregon's definition of marijuana is broader than the federal definition because the federal definition of marijuana refers to "all parts of the plant *Cannabis sativa L.*," 21 U.S.C. § 802(16), whereas the Oregon statutory definition refers to "all parts of the plant Cannabis family *Moraceae.*" Or. Rev. Stat. § 475.005(16).

"[T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute . . . requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls

2

outside the generic definition of a crime." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007); *see Moncrieffe v. Holder*, 133 S. Ct. 1678, 1685 (2013). The petitioner bears the burden of showing that the state statute criminalizes more conduct than does the federal. *See Moncrieffe*, 133 S. Ct. at 1693; *Duenas-Alvarez*, 549 U.S. at 193.

Showing that the text of the statutes at issue are not identical, as Vega-Cuevas does here, is not alone sufficient to meet this burden. *See United States v. Reveles-Espinoza*, 522 F.3d 1044, 1047-48 (9th Cir. 2008) (holding that a conviction under California state law for felony marijuana cultivation was an aggravated felony, notwithstanding that the California statute prohibited "drying," while the federal statute did not). Instead, Vega-Cuevas must show a realistic probability that Oregon would prosecute a crime of "conversion," where the conduct encompassed by that term did not fall within the federal definition. Or, Vega-Cuevas must show a realistic probability that Oregon would prosecute a person under § 475.856 for manufacturing a form of marijuana that did not fall within the federal definition. *See United States v. Kelly*, 527 F.2d 961, 963-64 (9th Cir. 1976) (holding that the federal definition of marijuana proscribed by 21 U.S.C. § 841 encompasses all plants that contain tetrahydrocannabinol, or THC).

3

Because Vega-Cuevas has not shown a realistic probability that Oregon would prosecute conduct that falls outside the scope of the Controlled Substances Act, we deny the petition. Having concluded that Vega-Cuevas's conviction under § 475.856 fell within the second prong of the drug-trafficking aggravated felony definition, we do not reach his other argument, that it does not include an element of illicit trafficking or that the BIA violated his due process rights in its analysis.

**DENIED.**