**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50029 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-04668-GPC-1 |
| v. | |
| FRANCISCO RODRIGUEZ-GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted April 7, 2015
Pasadena, California

Before: D.W. NELSON, REINHARDT, and M. SMITH, Circuit Judges.

Appellant Francisco Rodriguez-Garcia appeals the denial of a motion to dismiss his indictment for unlawful reentry of a previously removed alien in violation of 8 U.S.C.§ 1326(a) and (b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

In 2004, Appellant was convicted of aiding and abetting attempted murder in violation of California Penal Code § 664-187(a). Appellant was subsequently removed on the grounds that he was not a United States citizen or legal permanent resident and had been convicted of attempted murder, an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(A, F, U). In 2012, Appellant was found illegally entering the United States and convicted of unlawful reentry of a previously removed alien.

Pursuant to 8 U.S.C. § 1326(d), Appellant brings a collateral challenge to the removal order underlying his § 1326 conviction. 8 U.S.C. § 1326(d)(3). Appellant argues his attempted murder conviction falls outside the federal definition of an aggravated felony because California's application of the natural and probable consequences doctrine is broader than the generic definition of aiding and abetting. *See United States v. Reveles-Espinoza*, 522 F.3d 1044, 1047 (9th Cir. 2008) (per curiam) (a state offense falls within the definition of an aggravated felony if the conduct prescribed by the state statute of conviction falls within the generic definition of the offense).

California's application of the natural and probable consequences doctrine to attempted murder is not, alone, sufficient to render that statute over broad. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 190–91 (2007). Appellant has not

shown there is something "special" about California's version of the natural and probable consequences doctrine and the way it is applied to attempted murder. *Id.* at 191. Although California does apply the natural and probable consequences doctrine to attempted murder in gang-related cases, Appellant has not shown that the way the doctrine is applied in such cases "criminalizes conduct that most other" jurisdictions would not consider attempted murder. *Id.* Accordingly, Appellant's conviction for aiding and abetting attempted murder qualifies as an aggravated felony, and the removal order underlying his § 1326 conviction is valid.

**AFFIRMED.**