NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HERMENEGILDO CEBALLOS, AKA Hermenegildo Ceballos-Ochoa, AKA Hermenegildo Ochoa, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 15-73265 <br><br> Agency No. A044-794-149 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2019**
San Francisco, California

Before: BYBEE, N.R. SMITH, and COLLINS, Circuit Judges.

Petitioner Hermenegildo Ceballos-Ochoa ("Ceballos") petitions for review

of the decision of the Board of Immigration Appeals ("BIA"), which upheld the

Immigration Judge's decision finding him ineligible for cancellation of removal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2).

under section 240A of the Immigration and Nationality Act, 8 U.S.C. § 1229b. We deny the petition.

Applying de novo review, *Villavicencio v. Sessions*, 904 F.3d 658, 663 (9th Cir. 2018), we agree with the BIA that, under our controlling decision in *United States v. Reveles-Espinoza*, 522 F.3d 1044 (9th Cir. 2008) (per curiam), Petitioner's 2014 conviction for a violation of California Health & Safety Code section 11358 constitutes an "aggravated felony" that renders him statutorily ineligible for cancellation of removal. 8 U.S.C. § 1229b(a)(3). The disqualifying "aggravated felon[ies]" include a "drug trafficking crime (as defined in section 924(c) of Title 18)." *See* 8 U.S.C. § 1101(a)(43)(B). Section 924(c)(2), in turn, defines a "drug trafficking crime" as, *inter alia*, "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." 18 U.S.C. § 924(c)(2). From at least 1977 until 2016, California Health and Safety Code section 11358 has provided for the punishment of anyone who "plants, cultivates, harvests, dries, or processes any marijuana or any part thereof, except as otherwise provided by law." *See* CAL. HEALTH & SAFETY CODE § 11358 (West 2016); *id.* (West 2011). Applying the categorical approach of *Taylor v. United States*, 495 U.S. 575 (1990), we held in *Reveles-Espinoza* that the conduct criminalized by this language in section 11358 is "clearly within the ambit of the federal felony of manufacturing marijuana" under the Controlled Substances Act ("CSA"). 522 F.3d at 1048; *see*

2

*also id*. at 1047 (citing 21 U.S.C. § 841(b)(1)(D) (providing that the manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1) is punishable by up to five years in prison, and in some cases, more)); *cf.* 18 U.S.C. § 3559(a) (classifying as a "felony" any federal crime punishable by more than one year in prison).  As such, a conviction under section 11358 "categorically falls within the generic definition of a 'drug trafficking crime' and thus constitutes an 'aggravated felony' within the meaning of 8 U.S.C. § 1229b." *Reveles-Espinoza*, 522 F.3d at 1047.

Petitioner contends that the holding of *Reveles-Espinoza* has been superseded by *Moncrieffe v. Holder*, 569 U.S. 184 (2013), but that is wrong.  In *Moncrieffe*, the defendant was convicted of possession of marijuana with intent to distribute, in violation of Georgia Code Annotated section 16-13-30(j)(1).  *Id*. at 188 (citing GA. CODE ANN. § 16-13-30(j)(1) (2007)).  Although that same conduct is proscribed by the CSA, that statute does not punish all such conduct as a *felony*. 21 U.S.C. §§ 841(a)(4), 844.  Under the CSA, a first offense for "distributing a small amount of marihuana for no remuneration" is punishable by no more than one year in prison (and is therefore a misdemeanor and not a felony), *see* 21 U.S.C. §§ 841(b)(4), 844, and this rule equally applies to possession with intent to distribute, *see Moncrieffe*, 569 U.S. at 194 n.7.  Because some of the conduct covered by the Georgia statute was thus not a felony under the CSA, a violation of the Georgia statute was not categorically an aggravated felony.  *Id*. at 193–95.

This analysis does not apply to section 11358, because the federal misdemeanor provision on which the Court relied in *Moncrieffe* applies, by its terms, only to "*distributing* a small amount of marihuana for no remuneration"; it does not apply to *manufacturing* a small amount of marijuana. 21 U.S.C. § 841(b)(4) (emphasis added). Under the CSA, all manufacture of marijuana thus remains a felony, *see* 21 U.S.C. § 841(b)(1)(D), and *Moncrieffe* therefore has no effect upon our conclusion in *Reveles-Espinoza* that a violation of section 11358 is categorically an aggravated felony. *See* 522 F.3d at 1047–48 (noting that all of the conduct covered by section 11358 falls within the CSA's definition of "manufacture" in 21 U.S.C. § 802(15)).

Because the BIA correctly held that Petitioner's conviction under section 11358 is an aggravated felony under the categorical approach, no issue concerning the modified categorical approach arises. The BIA properly held that Petitioner is ineligible for cancellation of removal.

**PETITION DENIED**.

4