NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEBASTIAN MEJIA-LEON, AKA Jose Antonio Mejia,<br><br>               Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No.   18-73104<br><br>Agency No. A044-347-845<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021[**]

Before:     GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Sebastian Mejia-Leon, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his applications for cancellation of removal

and asylum, withholding of removal, and relief under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Whether a crime is as an aggravated felony is a question of law subject to de novo review. *Jauregui-Cardenas v. Barr*, 946 F.3d 1116, 1118 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Mejia-Leon's conviction for cultivating marijuana under Cal. Health & Safety Code § 11358 ("CHSC") is categorically an aggravated felony drug trafficking offense. *See United States v. Reveles-Espinoza,* 522 F.3d 1044, 1047-48 (9th Cir. 2008). Accordingly, the agency did not err in concluding that Mejia-Leon was not eligible for cancellation of removal, *see* 8 U.S.C § 1229b(a)(3), and asylum, *see* 8 U.S.C. §§ 1158(b)(2)(A)(ii), (b)(2)(B)(i).

Because Mejia-Leon was found removable due to his conviction for an aggravated felony crime, our jurisdiction to review the agency's particularly serious crime determination is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *Pechenkov v. Holder*, 705 F.3d 444, 448-49 (9th Cir. 2012). We reject Mejia-Leon's contention that the agency misapplied the law or otherwise erred in its particularly serious crime determination, where the agency considered the appropriate factors in a case-specific inquiry. *See Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019) ("[W]e lack jurisdiction over the

BIA's ultimate determination that [petitioner] committed a particularly serious crime… But we retain jurisdiction to determine whether the BIA applied the correct legal standard." (internal citation and quotation marks omitted)); *Anaya-Ortiz v. Holder*, 594 F.3d 673, 679-80 (9th Cir. 2010) (concluding that the agency engaged in the appropriate particularly serious crime analysis). To the extent Mejia-Leon challenges the agency's weighing of factors, we lack jurisdiction to review it. *See Pechenkov*, 705 F.3d at 448-49. Thus, Mejia-Leon's withholding of removal claim fails. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2).

Mejia-Leon's contentions as to the validity of his conviction under CHSC § 11358 are not properly before this court. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) (a collateral attack on a criminal conviction is not properly considered in a petition for review of a BIA decision).

Substantial evidence supports the BIA's denial of deferral of removal under CAT because Mejia-Leon failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). We reject as unsupported by the record Mejia-Leon's contentions that the agency misapplied the law or otherwise erred in its analysis of his deferral of removal under CAT claim.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

18-73104